C. GRATIOT CABANNE, Respondent, v. ST. LOUIS CAR COMPANY, Appellant.

St. Louis Court of Appeals, December 2, 1913.

1. **MASTER AND SERVANT: Injury to Servant: Defective Appliances: Liability of Master.** A master who has exercised ordinary care to furnish his servant with a reasonably safe appliance is not liable for injuries to the servant resulting from the appliance becoming defective while in use, unless he knew, or by the exercise of ordinary care could have known, of the defect long enough to have enabled him to remove it.

2. ———: ———: ———: Pleading: Petition Construed. In an action for injuries sustained by plaintiff as a result of an automobile which he was driving for defendant colliding with a tree, allegations in the petition that the injuries were the direct result of the negligence of defendant in furnishing him with a car which had an unsafe, dangerous and defective steering apparatus showed that plaintiff was proceeding upon the theory that defendant was negligent in not furnishing him with a reasonably safe appliance, and it was not essential that the petition aver that defendant either knew of the defect, or could have known of it by exercising ordinary care.

3. ———: ———: ———: Cause of Injury: Question for Jury. In an action for injuries sustained by plaintiff as a result of an automobile which he was driving for defendant colliding with a tree, due to defects in the steering apparatus, *held* that whether the injuries were caused by the defective steering gear or by the explosion of a tire, was a question for the jury, under the evidence.

4. ———: Overhauling Appliances: Duty of Master. It was the duty of an employer who took an automobile in charge for the purpose of overhauling it, to exercise ordinary care to see that it was in reasonably safe condition for the use of an employee, and he was liable to the employee for injuries sustained by him, after it had been overhauled, as a result of defective steering apparatus.

5. ———: Performance of Duty by Master: Presumption. The presumption that an employer did his duty with respect to furnishing an employee with a reasonably safe appliance is not conclusive, but may be overcome and removed entirely by the evidence given at the trial.

6. ———: Appliances: Duty of Master. The law requires the master to exercise ordinary care in furnishing an employee with reasonably safe appliances with which to perform his work.

7. ———: ———: Notice. Where the master assumes to construct and furnish the servant with an appliance, it is not a condition precedent to his liability for injuries resulting from defects therein that he have notice of a defect, if he could have discovered it by exercising ordinary care while the appliance was being constructed and before it was furnished for use.,

8. AUTOMOBILES: Negligence: Excessive Speed: Violation of Statute or Ordinance: Proximate Cause. The operation of an automobile or other conveyance at a rate of speed exceeding that prescribed and in a manner inhibited by a statute or an ordinance is negligence *per se*, but it is essential to a recovery that such violation be a proximate cause of the injury.

9. **MASTER AND SERVANT:** Injury to Servant: Contributory Negligence: Proximate Cause. The mere fact that an employee, injured while driving a defective automobile, was operating it at a rate of speed inhibited by law will not debar him from recovery from the master, unless it is shown that such violation contributed proximately to cause his injury.

10. ————: ————: ————: ————. In an action for injuries from the breaking of the steering gear of an automobile which plaintiff was demonstrating for defendant, causing a collision with a tree, whether plaintiff's negligence in running in excess of the statutory speed limit proximately contributed to his injury *held* a jury question.

11. **DAMAGES:** Personal Injuries: Instructions. In an action for personal injuries, *held* that the instruction on the measure of damages was free from error; following Scholl v. Grayson, 147 Mo. App. 652.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Muench,* Judge.

AFFIRMED.

*Watts, Gentry & Lee* for appellant.

(1) The amended petition does not state a cause of action because it fails to charge that the defendant had actual or constructive notice of the defective condition of the automobile which is alleged to have caused injury to plaintiff. This is a fatal omission. It is always necessary for the servant to allege and prove notice, either actual or constructive, to the master. Miller v. La Prelle Shoe Co., 109 Mo. App. 506; Current v. Railway Co., 86 Mo. 62. (2) This point may be properly raised for the first time on appeal. Epperson v. Postal Tel. Co., 155 Mo. 346; Davis v. Jacksonville, etc., Line, 126 Mo. 69; Ball v. Neosho, 109 Mo. App. 683; Cartwright v. Telephone Co., 205 Mo. 126. (3) The court erred in overruling defendant's demurrer to the evidence. (a) Because plaintiff's evidence did not show the cause of the accident. The jury could only speculate from what plain-

tiff testified to in order to arrive at a verdict. The accident may have been caused by the separation of the two parts which plaintiff found separate, or it may have been caused by the bursting of the tire, or it may have been caused by plaintiff's rapid driving around the curve, steering the machine with only one hand, which one witness testified he was doing and which plaintiff did not deny. Even if liability existed for any one of these causes, defendant would not be liable for all of them. Therefore, plaintiff must show clearly that the cause which produced the accident was one for which defendant was liable. Having failed to thus clearly show the cause, he was not entitled to have his case submitted to the jury. Cothran v. Cudahy Pkg. Co., 98 Mo. App. 349; McGrath v. Transit Co., 197 Mo. 104; Purcell v. Tennent Shoe Co., 187 Mo. 276; Wilkerson v. Railroad, 140 Mo. App. 320; Goransson v. Ritter, etc., Co., 186 Mo. 300.   (b)   Again the demurrer to the evidence should have been sustained, because, even if the parts separated before the accident there was no evidence of any defect causing them to separate, and there was certainly no evidence that any defect existed as much as one moment preceding the separation of the parts and the resulting accident. The mere fact that they separated (if they did so separate) does not prove the existence of the defect alleged, nor notice to the master of the existence of such defect. *Res ipsa loquitur* does not apply in such cases between master and servant, and particularly where the servant specifically alleges the nature and cause of the defect which he claims produced the accident and resulting injury. Beebee v. Transit Co., 206 Mo. 419; Hamilton v. Railway, 114 Mo. App. 509; Zachra v. Amer. Mfg. Co., 159 Mo. App. 96; Gibler v. Railroad, 148 Mo. App. 475; Breden v. Big Circle Mining Co., 103 Mo. App. 176. Even in passenger cases it does not apply under such a pleading. Miller v. Storage Co., 155 Mo. App. 528;

Orcutt v. Bldg. Co., 201 Mo. 425; Roscoe v. Street Railway Co., 202 Mo. 587. It was incumbent of plaintiff not only to show the cause of the accident but that the defective condition existed prior to the accident, and that it was known to the master, or that it had constructive notice thereof. Elliot v. Railroad, 67 Mo. 272; Covey v. Railroad, 86 Mo. 635; Wojtylak v. Coal Co., 188 Mo. 281; Kelly v. Railway, 105 Mo. App. 365; Krampe v. Brewing Assn., 59 Mo. App. 277; Pavey v. Railroad, 85 Mo. App. 218; Herbert v. Shoe Co., 90 Mo. App. 305; Looney v. Railway Co., 200 U. S. 480; American Car & Fdg. Co. v. Dietz, 203 Fed. 439; Glasscock v. Dry Goods Co., 106 Mo. App. 663. The master is presumed to have done his duty—to have exercised ordinary care. Yarnell v. Railway, 113 Mo. 579; Lenox v. Harrison, 88 Mo. 491; Glasscock v. Dry Goods Co., 106 Mo. App. 663; Elliot v. Railroad, 204 Mo. 14. (c) The demurrer to the evidence should have been sustained because plaintiff's own evidence shows he was guilty of contributory negligence directly contributing to his negligence. He violated a statute, which is negligence *per se.* Sluder v. Transit Co., 189 Mo. 187; Meyer v. Railroad, 99 Mo. App. 363; Kalb v. Railroad, 102 Mo. App. 143; Riska v. Railroad, 180 Mo. 168; Hanlon v. Railway Co., 104 Mo. 381; Ashby v. Gravel Road Co., 99 Mo. App. 178. (4) Instruction number 1 is fatally defective, because it does not require the jury to find that the alleged defective condition of the car referred to in said instruction was known to defendant, or would have been known to it if it had exercised ordinary care. It is essential that the jury should be told that actual or constructive knowledge on the part of the defendant of the alleged defective condition is necessary before plaintiff can recover. Wojtylak v. Coal Co., 188 Mo. 281. (5) Instruction number 3, given at the request of the plaintiff, is erroneous. This instruction is erroneous in three particulars. First, it permits recovery for doc-

tors' bills for which plaintiff has paid, when the evidence shows that he had paid no doctors' bills. Second, it permits recovery for nurses' and doctors' bills incurred as well as for those paid, when there was no evidence and no allegation of any nurses' bills at all, and no allegation of any doctors' bills incurred but not paid. The allegation of payment and proof of incurring does not authorize recovery for doctors' bills incurred. There was no evidence of what was paid out for doctors' bills, hence it was error to embrace that in the instruction. Howard v. Railroad, 110 Mo. App. 582. In the third place, it is erroneous because it gives the jury a roving commission to allow plaintiff damages for future ill effects without giving the slightest indication as to what ill effects are meant, or what may be considered. It is error to give instructions on the measure of damages which permit recovery for elements not pleaded nor shown by the evidence. Gibler v. Railroad Assn., 203 Mo. 208; Morris v. Railway Co., 144 Mo. 500; Waldopfel v. Transit Co., 102 Mo. App. 629; Moellman v. Giesel-Henselmeier L. Co., 134 Mo. App. 485; Handle Co. v. Hoffman, 140 Mo. App. 634.

*Jones, Hocker, Hawes & Angert* for respondent.

(1) An allegation of negligence is equivalent to an averment of knowledge or means of knowledge, and plaintiff's amended petition charging the defendant with negligence in furnishing him with a car with an unsafe, dangerous and defective steering apparatus, is not defective because it did not further allege that defendant had actual or constructive notice of the defective condition of said car. Crane v. Railway Co., 87 Mo. 588; Fassbinder v. Railway, 126 Mo. App. 563; Johnson v. Railway Co., 96 Mo. 340; Tateman v. Railway Co., 96 Mo. App. 448; Bellamy v. Whitesell, 123 Mo. App. 610; Clippard v. St. Louis Transit Co., 202

Mo. 432; Young v. The Shickle H. & H. Iron Co., 103 Mo. 324; Hall v. Railroad, 74 Mo. 302; Bowie v. Kansas City, 51 Mo. 456. (2) The court did not err in overruling defendant's demurrer to the evidence, because: (a) The evidence clearly showed that the defective condition of the steering apparatus was the cause of the accident. (b) On a demurrer to the evidence not only every fact which was proved by direct evidence is to be taken as admitted, but also every reasonable inference that may be drawn therefrom. Holman v. Mining Co., 102 Mo. App. 423; Franke v. City of St. Louis, 110 Mo. 516; Holman v. Railroad Co., 62 Mo. 562. (c) Where one relies on a violation of the statute as constituting negligence *per se,* he must not only show the violation of the statute, but he must show in addition that the violation of the statute was the proximate cause of the injury. Campbell v. Transit Co., 121 Mo. App. 406; Stoneman v. Railroad Co., 58 Mo. 501; Rowen v. Railroad Co., 198 Mo. 654. (d) The violation of a statute as constituting negligence *per se,* can only be asserted where the consequences particularly or generally contemplated by its provisions have ensued to the party relying on its violation. Foster v. Swope, 41 Mo. App. 137; Latapie-Vignaux v. Askew Saddlery Co., 193 Mo. 1. (e) Where defects in appliances are so pronounced that a person of ordinary intelligence and understanding, knowing the manner and method of their use and operation must necessarily conclude that the defects have existed in such appliances for a long period of time, it is unnecessary to introduce evidence, as in this case, tending to show that the defective condition of these parts had existed long prior to the accident, as the jury themselves are capable of determining this fact. Bowen v. Railway Co., 95 Mo. 268; Edwards v. Barber, 92 Mo. App. 221; Benjamin v. Street Railway Co., 133 Mo. 274; Koenig v. Railroad, 173 Mo. 698; Gutridge v. Railroad Co., 94 Mo. 468; Lee v. Knapp, 155 Mo. 610. (3) Plain-

tiff's instruction number 3 on the measure of damages is not erroneous. Under a general prayer for damages in a petition, where the defendant does not object to the introduction of evidence at the trial showing damages not specifically prayed for in the petition a recovery may be had therefor. Scholl v. Grayson, 147 Mo. App. 652; Spengler v. St. Louis Transit Co., 108 Mo. App. 329; Gorham v. Railroad, 113 Mo. 408; Mellor v. Railroad Co., 105 Mo. 455.

NORTONI, J.—This is a suit for damages accrued to plaintiff through the negligence of defendant. Plaintiff recovered and defendant prosecutes the appeal.

Defendant manufactures and sells automobiles, and plaintiff was in its employ as a demonstrator and salesman of its automobiles at the time of his injury. It appears plaintiff was demonstrating an automobile to a prospective purchaser when the steering gear of the machine separated and caused it to collide with a tree in Forest Park with such force as to demolish the automobile and throw plaintiff upon the earth so as to fracture his skull at the base of the brain.

It is argued, first, on the part of defendant, that the petition is insufficient to state a cause of action against defendant, in that it omits to aver defendant either knew or might have known of the defective steering gear attached to the automobile, but we are not so persuaded. Defendant seems to confuse the doctrine requiring the master to exercise ordinary care in the matter of construction and furnishing appliances, reasonably safe for the use of his servant, with that which obtains with respect to appliances which, though reasonably safe when furnished, become defective thereafter.

No one can doubt that the master performs the full measure of his duty enjoined by the law when he exercises ordinary care to discover defects and furnishes the servant an appliance reasonably safe for

use. If, after the master has performed this duty of furnishing a reasonably safe appliance, it becomes defective while in use, no recovery may be allowed as for a breach of the obligation with respect to that matter, unless it appears the master either knew, or by exercising ordinary care in that behalf might have known, of the defect for a sufficient length of time to remove it. [Mueller v. Shoe Co., 109 Mo. App. 506, 84 S. W. 1010.]

However, this rule is beside the case here, for no complaint is made with respect to the failure of the master to perform his duty after the automobile was furnished to plaintiff, reasonably safe for the purposes of demonstration, but, on the contrary, the petition proceeds on the theory that defendant breached the obligation which the law cast against it to exercise ordinary care in furnishing plaintiff with an appliance —that is, an automobile—reasonably safe for use in demonstration, in that it furnished him an automobile with a defective steering apparatus which separated while running and occasioned his hurt.

The averment touching this matter is, "plaintiff further states that the injuries aforesaid sustained by plaintiff were the direct result of the negligence and carelessness of the defendant in furnishing him with a car with unsafe, dangerous and defective steering apparatus as aforesaid." In other portions of the petition it is set forth that the sector lever, or, as some call it, the steering arm, separated from the tie link in the rod to which it was attached, and this, too, though the machine was apparently safe for use. The petition proceeds throughout upon the theory that defendant breached its obligation to exercise ordinary care in furnishing plaintiff a reasonably safe appliance. Such being true, it is not essential to aver that defendant either knew or might have known of the defect by exercising ordinary care to that end, and an averment that the master negligently furnished the ap-

pliance will suffice. [See Young v. Shickle, etc., Iron Co., 103 Mo. 324, 15 S. W. 771; Fassbinder v. Mo. Pac. R. Co., 126 Mo. App. 563, 104 S. W. 1154.]

It is urged the court should have peremptorily directed a verdict for defendant, but the argument is obviously without merit. The evidence tends to prove that the automobile furnished plaintiff was an old one, but had been overhauled by defendant and furnished to plaintiff as sufficient, and asserted to be in fine shape but a week or ten days before. As before said, plaintiff was a demonstrator and salesman of automobiles for defendant. The automobile involved here was a large one and weighed about 3500 pounds, possession a minimum of fourteen horse power and a maximum of eighteen horsepower. It had been in the service of defendant about a year and a half, and was first used with a wagon body on it, for the purpose of hauling express, castings, etc. Afterwards it was equipped with a touring car body and plaintiff used it as a demonstrating car for some eight or ten months. About six weeks before plaintiff received his injury, he reported to the manager of defendant that there was a noise in the car designated as a "pound" and that it was unfit for demonstrating purposes and, furthermore, that it needed new chains. Defendant's manager thereupon instructed plaintiff to send the car up to the factory and he would have it overhauled thoroughly and "go all the way through it." The car was delivered to the factory to be overhauled and made as it should be. Defendant overhauled the car and furnished it to plaintiff about a week or ten days before his injury, to be used in demonstrating. Defendant's manager assured plaintiff at that time that the car was in "fine shape." Apparently the automobile was sufficient in all respects, but there was a defect thereabout in the steering gear, beneath the body of the car, which was concealed by means of a leather hood about the same.

It appears the steering gear, which is connected with the steering wheel in the hands of the demonstrator, operates through the connection of a bar with a ball or knob on the end of it inserted in a slot in another bar. These two pieces of the machine are in evidence and are exhibited here through a call therefor in the bill of exceptions and by consent of the counsel. Exhibit "A" is a rod which was called a tie link and Exhibit "B" is known as a sector lever, mentioned, too, as the steering arm. The rod Exhibit "A" is hollow for about four inches from each end and has a slot running along in the top of it for some distance from each end. The outer end of the hollow in the rod is closed by a nut. To fit the two parts together the nut is removed and the ball at the end of Exhibit "B" fitted closely into the hollow part of Exhibit "A," the slender portion of Exhibit "B" above the ball extending up above the slot. These two parts appear to be much worn at their conjunction— that is to say, the ball or knob on the one is diminished in size by long use, and the slot in the other is made larger and extended through the same means. The evidence tends to prove that, because of this condition, the ball or knob slipped out from the slot and thus separated the steering gear of the machine beneath the body of the car while plaintiff was driving it at a rate of speed between fifteen and twenty miles an hour.

While the machine was thus moving at a rapid rate of speed, the wheels of the car refused to respond to the turn of the steering wheel held by plaintiff, and, indeed, he says the steering wheel moved around in his hands like a toy. Thereupon the automobile left the roadway and collided with a tree with such force as to demolish it and throw plaintiff and his customer both to the ground, inflicting the injuries upon plaintiff for which he sues. It appears, too, that one of the tires of the automobile exploded immediately before the collision or contemporaneously therewith or immediately

thereafter. A witness, some distance away, said he heard the explosion immediately prior to the collision, but another witness said it was immediately after the collision of the automobile with the tree.

It is argued that the evidence is insufficient to suggest with certainty that the collision and consequent injury occurred because of the defective steering gear, for it is said it might as well be attributed to the exploding tire which likewise may occasion an automobile to leave the road. But it is clear this was a matter for the jury to answer, for it appears from the evidence of an automobilist that immediately after the collision the steering gear was found to be separated as above described. Moreover, in connection with this, there is the positive and direct testimony of plaintiff that the steering apparatus refused to respond and guide the wheels of the car when he turned the steering wheel and sought to apply it. Plaintiff says the steering wheel turned in his hand like a toy, thus indicating, of course, that the connections were separated from the steering gear as above described, and because of that the automobile collided with the tree, for he could not control it. There is an abundance in this evidence to render the question as to the cause of the injury one for the jury. The matter of the exploding tire was properly submitted in an instruction for defendant, and the jury told that if the collision was caused by that, without reference to the separation of the steering gear, the judgment should be for defendant. There can be no doubt that, though the automobile was an old one and had been in use theretofore, it is to be treated in the instant case as newly furnished to plaintiff. On his complaint it was taken in charge by defendant with a view of overhauling it and it appears such was done. Thereafter the car was delivered again to plaintiff with the assurance on the part of defendant's manager that it was in fine shape for use. Obviously it became defendant's duty to ex-

ercise ordinary care in overhauling and reconstructing the automobile for use and this obligation applied as well to the matter of the steering gear as to other parts. The evidence suggests with great force that defendant was remiss in its duty with respect to this obligation, and omitted to inspect the steering gear, for to do so would certainly reveal its defective condition and suggest the installation of a new one. The two parts, which, it appears, separated and occasioned the injury, are before the court here as they were before the jury, and it is obvious to anyone that they may be pulled apart by the hands with but slight effort. In evidence as they are, and subject to the inspection of the jury, they speak with telling force as to the defective condition of the steering gear, and enforce a conclusion to the mind to that effect which may not be escaped.

In this connection, it is argued, too, that the court should have peremptorily directed a verdict for defendant because the evidence does not reveal that defendant either knew, or might have known by the exercise of ordinary care, that the steering gear of the car was defective, for it is said the master is presumed to have done his full duty in the premises. Though such presumption usually obtains, it is certainly not a conclusive one, but may be overcome and removed entirely by the evidence given at the trial. There is an abundance in the facts stated tending to prove that the master omitted to do its duty in the instant case and that this omission was with respect to the matter of construction in overhauling the car, to the end of furnishing it for plaintiff's use. If, as before said, it appeared the car was furnished to plaintiff reasonably safe, and that, though the master had exercised the full measure of care thereabout, the steering gear subsequently became defective, the matter of actual or constructive notice of the condition to defendant would inhere in the case as precedent to its liability, to the

end that an opportunity for repair might be had. But here the principle adverted to is wholly without influence, for the remission of duty laid against defendant and supported by the evidence relates to the matter of carelessly constructing the appliance and furnishing it to plaintiff in a defective condition. No one can doubt that the law requires the master to exercise ordinary care in furnishing the servant a reasonably safe appliance with which to perform the duties of the task assigned him. Moreover, if the master constructs the appliance or assumes as here to personally overhaul an old one as through a reconstruction and furnish it to the servant for use, the law devolves against him the duty of exercising ordinary care with respect to such reconstruction, for beyond question the servant is entitled to receive from the master a reasonably safe appliance, that is, in so far as is possible by the exercise of ordinary care on the part of the master. In such cases, where the master assumes to construct and furnish the appliance, he is not entitled to notice of a defect if he might have discovered it by exercising ordinary care to that end in the course of construction and before furnishing it for use. [Malkmus v. St. Louis, etc. Cement Co., 150 Mo. App. 446, 458, 459, 131 S. W. 148; Bowen v. Chicago, B. etc. R. Co., 95 Mo. 268, 8 S. W. 230; Shearman & Redfield on Neg. (5 Ed.), Sec. 194.] It is entirely clear that the case was one for the jury on the theory pursued unless plaintiff's right of recovery should be denied as for his contributory negligence.

The answer pleaded contributory negligence on the part of plaintiff, and there is evidence tending to prove it. It is urged on this alone the plaintiff is not entitled to recover and the court should have so directed the jury as a matter of law, for it is said plaintiff voluntarily testified that he was operating the automobile at the time of the injury at a speed between fifteen and twenty miles per hour. The argu-

ment touching this matter predicates upon our statute which inhibits the running of an automobile on a public highway at a greater rate of speed than fifteen miles per hour and within the limits of any city at a rate of speed greater than ten miles per hour. The automobile in the instant case was being operated within the city of St. Louis and as before said plaintiff testified that he was then driving it at a speed between fifteen and twenty miles per hour. Obviously such conduct on his part was violative of the statute, and it is to be conceded that the operation of a conveyance at a rate of speed exceeding that prescribed and in a manner inhibited by a statute or ordinance is regarded as negligence *per se.* Therefore such showing alone is usually treated as prima facie, though not conclusive, evidence of negligence, if an injury ensue, on the part of the party so violating the statute—that is, as evidence tending to prove such negligence. But a recovery is not to be allowed for this unless it appears that such violation of the statute was a proximate cause of the injury. The mere fact that one is engaged in operating a conveyance at a rate of speed inhibited by the statute at the time an injury occurs is not sufficient, in and of itself, in every case, together with the statute prescribing the rate of speed, to reveal conclusively that the injury resulted from such conduct. It must appear, too, that such violation of the statute operated proximately to cause the injury. [Kelley v. H. & St. J. R. Co., 75 Mo. 138; Bluedorn v. Mo. Pac. R. Co., 121 Mo. 258, 25 S. W. 943; Schmidt v. St. Louis Transit Co., 140 Mo. App. 182, 120 S. W. 96; Campbell v. St. Louis Transit Co., 121 Mo. App. 406, 411, 99 S. W. 58.] So, too, for the same reason, in this case it must appear that such conduct on the part of plaintiff contributed proximately to or concurred in his injury. There may be cases where such conclusion of negligence must arise as a matter of law, but this is not one of them. It may be that, though the automobile here

had been running at but eight miles an hour, plaintiff would have received his injury from the breaking of the steering gear, identically as he did with it running at more than fifteen miles per hour. The matter of the rate of speed seems not to be conclusive at all, for a heavy machine weighing 3500 pounds is likely to go astray and produce calamitous results from the breaking of the steering gear when running at a rate of speed even within the statutory inhibition. The question of defendant's contributory negligence and as to whether or not the high rate of speed contributed proximately to his injury was obviously for the jury. The instructions given properly submitted it, as they did other questions pertaining to the liability and nonliability of defendant on the facts of the case.

The substantial points made against the instruction on the measure of damages are identical with and arise under like circumstances as those considered in School v. Grayson, 147 Mo. App. 652, 127 S. W. 415. In that case the arguments put forward here were duly considered and separately treated as unavailing in the opinion. What is there said is sufficient without more.

Other arguments pertaining to the instructions given for plaintiff are all disposed of by what we have said in the opinion and no instructions were refused to defendant.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.