[No. 24868.   Department Two.   March 9, 1934.]

W. KANTONEN, *Respondent*, v. BRALEY MOTOR COMPANY, *Appellant.*[1]

*J. E. Stewart,* for appellant.

*Lester T. Parker,* for respondent.

BLAKE, J.—For some time prior to November 4, 1932, plaintiff was in the employ of the defendant Braley Motor Company, Inc., located at Aberdeen. On that day, H. C. Braley, manager of the motor company, and plaintiff drove°to Seattle in a 1927 or 1928 Chrysler coupe which the motor company had

[1]Reported in 30 P. (2d) 245.

acquired just a few days before. The purpose of the trip was to take delivery of a Dodge truck for the motor company. Returning from Seattle, Braley drove the truck, and plaintiff, at Braley's request, drove the Chrysler. At a point on the highway where there was a slight left curve, the Chrysler left the road and ran into a telegraph pole. The plaintiff sustained injuries, on account of which this action was brought. From a judgment entered on a verdict for plaintiff, defendant appeals.

The assignments of error go only to challenge the sufficiency of the evidence to make a case for the jury. It will be understood, therefore, that our narrative of the facts is made in the light of the evidence most favorable to respondent.

Respondent's testimony was to the effect that, as he approached the curve in question, he made a slight application of the brakes; that the brake on the right front wheel locked, and as a result the car got out of control and left the road on the right side. The car was equipped with an hydraulic braking system. Respondent had driven the car prior to the trip to Seattle, and had discovered that the brakes were out of order. He advised Braley of the fact, and the latter ordered the car to the shop of the motor company for repairs on the day before the trip to Seattle.

One of the mechanics who worked on the car testified that they found one of the pistons in the brake cylinder on the right front wheel rusted and "frozen;" that, in order to put the brake in proper condition, it would require a complete new cylinder assembly for that wheel; that a new cylinder could not be procured in Aberdeen; that Braley, when apprised of that fact, directed the mechanics to repair the brake as best they could; that they proceeded by smoothing the cylinder

with sandpaper and reassembling the brake, using one of the old pistons and a new piston which was designed for Dodge cars; that the new piston was somewhat longer than those designed for Chryslers; that, in order to do the best repair job possible, using the old assembly, the cylinder should have been ground; that, after the repairs, the brake worked all right, but that no one could tell when it might fail; that, if a piston stuck in the right front wheel on application of the brakes, the car would pull to the right when the brakes were released.

Respondent took the car out of the shop after the brake was repaired, assuming, as he had a right to assume, that the repairs had been properly made and the car was in a reasonably safe condition to be driven. He was not informed otherwise before the accident. The braking system was working properly at that time, and continued to do so on the trip to Seattle and on the return until the accident occurred.

It is elementary that the master must furnish the servant with reasonably safe appliances with which to perform the duties required of him. We think that, under the testimony above narrated, the questions of whether the repairs had been properly made and whether the car was in a reasonably safe condition to be driven were for the jury. *Towle v. Stimson Mill Co.*, 33 Wash. 305, 74 Pac. 471; *Cabanne v. St. Louis Car Co.*, 178 Mo. App. 718, 161 S. W. 597; *Norman v. Alaska Coast Co.*, 81 Wash. 64, 142 Pac. 434.

Appellant contends, however, that, conceding the brake was not properly repaired, still no causal connection was established between that fact and the respondent's injury; that an examination of the car after the accident showed that a "spring shackle" was broken, which might have produced the same result as

the locking of the brake; that the brake was not locked when it was examined after the accident; that from the wheel marks on the ground it was apparent that respondent did not apply the brakes at all—the inference suggested being that, because of drowsiness, he failed to round the curve and drove straight off the road.

These were all facts and inferences to be argued to and passed on by the jury. The mere fact that the accident might have happened from a cause not attributable to appellant's negligence does not render the verdict speculative or conjectural. The respondent was not called upon to prove that the accident did *not* result from every other possible cause than appellant's negligence. He was only required to prove the negligence alleged and present evidence which showed that, in all reasonable probability, his injuries were the proximate result of that negligence. *St. Germain v. Potlatch Lumber Co.,* 76 Wash. 102, 135 Pac. 804; *Sommer v. Yakima Motor Coach Co.,* 174 Wash. 638, 26 P. (2d) 92. This, he did. *Towle v. Stimson Mill Co.,* 33 Wash. 305, 74 Pac. 471; *Gianini v. Cerini,* 100 Wash. 687, 171 Pac. 1007.

It is quite seriously contended by appellant that respondent failed to testify that he applied the brakes at all. Taking respondent's testimony as a whole, we do not think the contention has any substantial basis. It is predicated upon an isolated statement by respondent that he "must have stepped on the brakes there when I kind of slowed down." His testimony, as a whole, sustained the version of the accident as we have narrated it.

The evidence was sufficient to sustain the verdict. The judgment is, therefore, affirmed.

BEALS, C. J., GERAGHTY, TOLMAN, and MITCHELL, JJ., concur.