[No. 25638. Department One. October 7, 1935.]

BRALEY MOTOR COMPANY, *Respondent,* v. NORTHWEST CASUALTY COMPANY, *Appellant.*[1]

[1]Reported in 49 P. (2d) 911.

48

*Shank, Belt & Rode,* for appellant.

*J. E. Stewart,* for respondent.

GERAGHTY, J.—The defendant issued to plaintiff an insurance policy providing, among other things, that the defendant would indemnify the plaintiff from

" . . . injuries arising out of and in connection with the business of the insured, sustained by any persons not employed by the insured, elsewhere than on the premises of the insured and caused by or resulting from the operation or maintenance and use of any automobile."

In the policy, defendant agreed:

"To Serve the Insured upon notice of such bodily injuries or death, or damage to or destruction of property (a) in investigating cases reported hereunder, (b) in conducting negotiations for the settlement or in contesting any claims made on account of such cases and (c) in defending any suit brought to recover damages on account of such cases unless or until the Company may elect to effect a settlement of such suit. The Company is hereby constituted the agent of the Insured in all matters pertaining to the investigation, adjustment and payment of claims for which the Insured is liable."

W. Kantonen recovered a judgment against the plaintiff for injuries sustained while driving one of its cars. On appeal to this court, the judgment was af-

firmed. *Kantonen v. Braley Motor Co.,* 176 Wash. 577, 30 P. (2d) 245. The plaintiff paid the judgment, and the present suit is brought to recover the amount so paid, with the costs of suit and attorney's fees.

After the institution of Kantonen's action, the plaintiff tendered its defense to defendant. The defendant declined to assume the defense, for the assigned reason that Kantonen was an employee of the plaintiff, within the terms of the policy.

A jury having been impanelled to try the issues in the present case, at the close of plaintiff's evidence the parties stipulated that the jury be discharged and the case thereafter tried by the court. At the conclusion of the trial, the court made findings favorable to plaintiff and, after overruling a motion for new trial, entered judgment on the findings. The defendant appeals.

We quote the material findings of fact made by the trial court:

"(11) That at the time the said W. Kantonen received his injury he was not employed by the plaintiff, Braley Motor Company, Inc., and was in no sense an employee of the said company at the time; that he had been engaged from time to time prior to his injury in selling automobiles for the plaintiff; that he began this work sometime during the year 1929 and continued off and on until about the first day of October, 1932; that he sold cars only on commission; that his work was not continuous; that at one time during said period he ceased selling cars for a period of about eight months; that during said time he resided in Raymond, Washington, where he was engaged in conducting a bath house; that he returned to Aberdeen during the month of August, 1932, and, without entering into any agreement whatsoever with the plaintiff, again took up the selling of cars for the plaintiff on commission; that the plaintiff never at any time exercised any control over the said W. Kantonen as to the manner in which he should conduct his work of salesman; that

the plaintiff permitted him to work where and when he pleased.

"That on the first day of October, 1932, the said W. Kantonen was engaged by Henry C. Braley to sell oysters; that he was given a large territory to cover and his duties required him to deliver as well as sell oysters in said territory; that he was expected to devote his time to the work and was told by Mr. Braley to forget about selling cars; that he thereafter made no attempt to sell automobiles for the Braley Motor Company, Inc., and was therefore not an employee of the said Braley Motor Company, Inc. as an automobile salesman at the time of his injury on November 4, 1932.

"(12) That at the time of his injury the said W. Kantonen was performing a service for the Braley Motor Company, Inc., namely: that of driving an automobile belonging to the said Braley Motor Company, Inc., from Seattle to Aberdeen; that he was not hired or employed to perform this service, however, and the performance of such service did not constitute him an employee of the Braley Motor Company, Inc., such as was contemplated in the clause of the said insurance company; that he received no compensation for the said service; that it was entirely gratuitous; that the money paid by Mr. Braley for Mr. Kantonen's breakfast and luncheon in Seattle on the date of the accident was paid pursuant to his understanding with Mr. Kantonen that his expenses were to be paid in connection with his work of selling oysters."

The assignments of error are based upon these findings.

The accident out of which the litigation arose occurred on November 4, 1932. Prior to the preceding October, Kantonen had sold cars for the respondent on a commission basis. He was not a regular employee and received no compensation other than his stated commission on the cars sold.

H. C. Braley, the manager and principal owner of the Braley Motor Company, respondent, was also en-

gaged in the production of oysters, and, as Kantonen's sales of cars were infrequent and his earnings small, Braley suggested to him that he engage to sell oysters for him.

On the day of the accident, Braley went to Seattle for the purpose of bringing a new three-ton truck to the Braley Motor Company at Aberdeen. He asked Kantonen to accompany him to Seattle in an automobile owned by the motor company, intending that Kantonen would drive the truck back to Aberdeen. Before leaving Seattle, Braley suggested that, as there would be some difficulty in driving a heavy duty truck through the traffic in Seattle, he would drive the truck part way, and Kantonen could follow later in the automobile in which they had ridden from Aberdeen; and, when he overtook Braley, they would exchange and Kantonen would drive the truck on to Aberdeen, while Braley would drive the automobile. This arrangement was followed, and, as Kantonen was driving the automobile toward Aberdeen on the Pacific highway, the car left the road and struck a telegraph pole, resulting in the injuries for which he sued.

Kantonen, admittedly, was not an employee of the Braley Motor Company at the time of the accident, unless the circumstances under which he was engaged to drive the car from Seattle to Aberdeen made him such. He was not to be paid for the service, although it appears that Braley paid for his breakfast and luncheon. It may be inferred from the record that, while in Seattle, Kantonen visited prospective customers in the oyster trade. The appellant contends that the payment for these meals by Braley and the benefit to Kantonen in the opportunity furnished him to visit possible customers for oysters was compensation for his services in driving the automobile, making him at the time of the accident in fact an employee, within

the terms of the policy. The appellant also contends that the verdict and judgment in the case brought by Kantonen was conclusive upon his status as an employee.

As evidenced by its twelfth finding, the trial court reached the conclusion that, while Kantonen was performing a service for the motor company in driving its automobile from Seattle to Aberdeen, he was not hired or employed for the service in a sense that would bring his employment within the exception contained in the policy; that the service was entirely gratuitous, and that the payment by Braley for his breakfast and luncheon was made pursuant to an understanding that his expenses were to be paid in connection with his work of selling oysters.

We agree with the trial court in this view. It is evident that the word "employed" was used in the insurance policy, in its ordinary and natural sense, as implying the relationship of master and servant. The service rendered by Kantonen was casual and gratuitous. He was driving the car wholly as an accommodation to the appellant, even though he may have had some incidental benefit in the way of pleasure or the hope of future business.

In construing the language of the policy, if construction is needed, we are to keep in mind the familiar rule, that the construction will be adopted which is most favorable to the insured.

"There is another principle applying to contracts of insurance to the effect that, if they are so drawn as to require interpretation and fairly susceptible of two different conclusions, the one will be adopted most favorable to the insured; and will be liberally construed in favor of the object to be accomplished, and conditions and provisions therein will be strictly construed against the insurer, as they are issued upon printed forms prepared by experts at the instance of

the insurer, in the preparation of which the insured has no voice. *Algoe v. Pacific Mutual Life Ins. Co.,* 91 Wash. 324, 157 Pac. 993, *Fenton v. Poston,* 114 Wash. 217, 195 Pac. 31, *Thompson v. Brotherhood of American Yeomen,* 130 Wash. 179, 226 Pac. 498, *Continental Life Insurance Co. v. Wells,* 38 Ga. 99, 142 S. E. 900, *Matthews v. Modern Woodmen of America,* 236 Mo. 326, 139 S. W. 151.'' *Guaranty Trust Co. v. Continental Life Ins. Co.,* 159 Wash. 683, 294 Pac. 585.

We are unable to agree with appellant's contention that the verdict and judgment in the *Kantonen* case are conclusive upon the respondent in this case. The judgment roll in that case, offered in evidence in this case, discloses that, in its instructions to the jury, the court outlined three conditions under which the plaintiff would be entitled to recovery. First: If the jury found that the plaintiff was an employee of the defendant Braley Motor Company and they believed from the evidence that the injury was caused by a defect in the braking system of the defendant's automobile, and that defect was known to the defendant or might have been known by careful inspection; second, if they found from the evidence that the plaintiff was not an employee but was permitted to drive the automobile with the consent of the defendant and was, at the time, acting for the mutual benefit of himself and the defendant, and they further found that the braking system of the automobile was defective and such defects were known to the defendant, but unknown to the plaintiff; and third, if they found that the plaintiff was not an employee of the defendant but was driving the automobile with its consent, then it was the duty of the defendant to warn the plaintiff of any defect in the braking mechanism of the car, known to the defendant, which would render it unsafe to operate. These instructions became the law of the case, and the

general verdict returned by the jury could have been based upon either of the three issues submitted to them by the court.

In the course of its opinion in *Kantonen v. Braley Motor Co., supra,* this court used this language:

"It is elementary that the master must furnish the servant with reasonably safe appliances with which to perform the duties required of him. We think that, under the testimony above narrated, the questions of whether the repairs had been properly made and whether the car was in a reasonably safe condition to be driven were for the jury."

This was the only reference in the opinion to the question of employment, and the assumption of Kantonen's status as an employee was obviously suggested by the briefs on appeal, in which the question whether or not the car was defective was solely discussed. The issues of fact in the case are to be determined from the judgment roll.

The judgment will be affirmed.

TOLMAN and MAIN, JJ., concur.

BEALS, J., dissents.