360 P.2d 599

PLEWE CONSTRUCTION COMPANY, a corporation, Plaintiff and Appellant,

v.

FRANKLIN NATIONAL INSURANCE COMPANY, a corporation, Defendant and Respondent.

No. 9315.

Supreme Court of Utah.

March 22, 1961.

**404**

Elliott Lee Pratt of Clyde & Mecham, Salt Lake City, for appellant.

Skeen, Worsley, Snow & Christensen, Salt Lake City, for respondent.

CROCKETT, Justice.

Plewe Construction Company sued its insurer, Franklin National Insurance Company, for reimbursement for money it had been required to pay to Cudahy Packing Company in settlement of a suit for negligently causing a fire on Cudahy's premises in connection with doing some construction work. Franklin defended on the ground that the fire was in the part of Cudahy's property in the "care, custody or control of the insured" (Plewe) and thus expressly excluded from coverage under clause (f) 2 of its policy. From a summary judgment sustaining Franklin's position, Plewe appeals.

The prior action, Cudahy's suit against Plewe for the loss caused by the fire, was based on two counts: the first alleging violation of the terms of the construction contract and setting forth seven charges of negligence in connection therewith; and a second count alleging that the work on the premises was under the exclusive control of Plewe and incorporating by reference the charges of negligence in the first count.

Plewe joined Fiberglas Engineering and Supply Division of Owens-Corning Fiberglas Corporation, a sub-contractor for Plewe, as a third-party defendant, alleging that if there was any liability to Cudahy, Fiberglas was responsible. Fiberglas responded that it had settled any claim against it by paying Cudahy $59,000 for a covenant not to sue. The case against Plewe proceeded to a jury trial, during the progress of which Plewe compromised and settled the claim against it for $12,500.

This was carried out by dismissing the first count and Plewe confessing judgment in that amount on the second count of Cudahy's complaint.

Franklin's argument in support of its claimed right to summary judgment here is that by thus confessing judgment on the second count of Cudahy's complaint, Plewe admitted that the fire damages occurred on premises under its control and that it is now precluded from asserting otherwise in this suit. The trial court made no findings as such, but in a memorandum decision indicated accord with Franklin's argument, stating that under the pleadings upon which Plewe had confessed judgment, "the court is of the opinion that the damaged premises were under the control of Plewe within the meaning of the exclusion of the policy and that Franklin was, therefore, under no obligation to defend Cudahy's claim against Plewe or pay the judgment against Plewe. * * *"

The question is whether that conclusion is justified.

We take no issue with the doctrine advocated by Franklin that where an insured, such as Plewe, sues its insurer for reimbursement under liability policy, the judgment against the insured in the prior action is conclusive against it as to the facts found therein, even though the insurer (Franklin) was not a party to the first suit,[1] nor do we question that the above rule applies to judgments by confession.[2] But in order to so conclude the insured, it must appear that the identical fact now relied on to defeat its claim against the insurer was material to the decision, and was decided, in the prior case.[3]

The contention that the confession of judgment on the second count of the Cudahy complaint precludes Plewe from now disputing that it had control over the area where the fire damage occurred rests upon this language of that count:

"At the aforesaid time and prior thereto, the work on said addition and the premises thereabout were under the exclusive control of the defendant; and said, fire would not have occurred in the absence of negligence as aforesaid."

The confession of judgment recites that the plaintiff Cudahy moves to dismiss the first count of its complaint and that recovery:

"is on the second count of its complaint, and solely on the basis of the negligence of Plewe Construction Company * * *."

1. See 46 C.J.S. Insurance § 1251, p. 260; Anno., 123 A.L.R. 708.
2. Fitzgerald v. Terminal Development Co., 11 Cal.App.2d 126, 53 P.2d 177.
3. See Braley Motor Co. v. Northwest Casualty Co., 184 Wash. 47, 49 P.2d 911; see also Anno. 123 A.L.R. 708.

Franklin urges that the quoted language is susceptible of only one meaning: that the premises where all of the fire damage occurred was in the "care, custody or control" of Plewe; whereas the latter argues that the effect thereof is only to charge that the work was under its control. We do not regard that dispute as of any critical importance in determining the issues presented on this appeal.

 Our analysis of count 2 of Cudahy's complaint and the confession of judgment reveals that the real issue between Cudahy and Plewe was whether the latter should be held liable for *negligence* in causing the fire and not whether the damages occurred in the part of the premises over which Plewe had *control.* Pleading the latter fact appears to have been incidental and under such allegation it would have been permissible to prove that Plewe was in possession and control of the area where the fire occurred. But proof of that fact would not have been essential to establish any or all of the seven specific grounds of negligence incorporated by reference to such allegations in the first count of Cudahy's complaint. Thus, even though by the confession of judgment Plewe admitted its negligence, it would not necessarily follow that it had control of the property. Therefore, Plewe is not precluded from maintaining in this suit that it did not have the "care,

custody or control" of the property where all of the fire damage occurred. It is necessary that the issue be resolved before it can be determined whether, and to what extent, its payment to Cudahy was covered by its policy with the defendant Franklin.

In view of the fact that it cannot be said to clearly appear that Plewe could not in any event establish a right to recover, the order granting summary judgment was improper.[4] It is set aside and the cause remanded for trial. Costs to plaintiff (appellant).

WADE, C. J., and HENRIOD, McDONOUGH and CALLISTER, JJ., concur.

---

4. See Samms v. Eccles, 11 Utah 2d 289, 358 P.2d 344; Dupler v. Yates, 10 Utah 2d 251, 351 P.2d 624.