[No. 32871. Department Two. February 25, 1955.]

ELMER RUFENER *et al., Plaintiffs,* v. WILBER SCOTT *et al., Appellants,* HEIL COMPANY, *Respondents.*[1]

*Simpson & Simpson,* for appellants.

*McMullen, Snider & McMullen,* for respondent.

[1]Reported in 280 P. (2d) 253.

SCHWELLENBACH, J.—June 24, 1948, Wilber Scott purchased a hay dehydrator from Heil Company, the manufacturer of the machine. The company furnished a book of instructions relating to the particular piece of equipment and also gave Scott personal instruction in the operation of the machine. He used the equipment to do custom hay drying. September 12, 1949, Scott was operating the machine on the farm of Elmer Rufener and was blowing the dried hay into Rufener's barn. During the operation, a fire broke out in the barn. The barn, some adjacent buildings, farm equipment, livestock, and hay were destroyed. Rufener and Mrs. Huber, each of whom owned a half interest in the property, brought an action against Scott to recover damages for the loss of the property.

By cross-complaint, Scott brought Heil Company into the action as an additional defendant. Upon motion of the plaintiffs, the court ordered a separate trial against the Scotts. A motion for dismissal by the Heil Company was denied.

A verdict was returned in favor of the plaintiffs, and Scott was compelled to pay twenty thousand dollars in settlement of the judgment. Heil Company refused the tender of the defense of the action and also the tender of the right to appeal. Upon satisfaction of the judgment, Scott filed an amended cross-complaint against Heil Company seeking indemnity for the amount paid on the judgment plus attorney's fees and costs. The amended cross-complaint alleged that the fire and damage to the Rufener property and the resultant judgment and damage to the Scotts were the proximate results of the negligence of Heil Company in the following particulars:

"(a) In designing, manufacturing, selling and delivering to the cross-complainants Scott the said dehydrating equipment in a dangerous, defective and unsafe condition that would allow burning and ignited materials to pass through it, with knowledge of and intention that the cross-complainants Scott would use such equipment in the manner it was being used at the time and place of said fire; and

"(b) In failing to provide adequate and proper instructions in the use and operation of such dehydrating equip-

ment under conditions such as those prevailing at the time and place of the fire mentioned above; and

"(c) In failing properly to test, examine and otherwise inspect the said dehydrating equipment for safety against fire in operation under all conditions before selling and delivering said equipment to cross-complainants Scott."

The Heil Company denied negligence on its part and alleged negligence on the part of Scott. It also alleged that the equipment was in the continuous possession and under the control of Scott from its purchase on June 24, 1948, until the fire on September 12, 1949; that in the Rufener action the plaintiffs based their claims of negligence of the Scotts as follows:

"1. In using dehydrator equipment which defendants knew or should have known was not in proper operating condition.

"2. In setting up the dehydrator unit and equipment to blow dried hay directly into the barn without first passing it through a cooling unit.

"3. In using defective equipment and equipment which the defendant knew had dropped out hot burning material when previously used about the first part of June at the farm of Wilbert Kennedy;"

and that the court instructed the jury that before a verdict could be returned for the plaintiffs the jury must find that Scott was negligent in one or more of the particulars claimed by the plaintiffs.

Heil Company moved for judgment on the pleadings, which motion was granted and the cross-complaint dismissed. This appeal follows.

It is the general rule that there is no right of indemnity between joint tort-feasors. *Duncan v. Judge*, 43 Wn. (2d) 836, 264 P. (2d) 865. However, if the tort-feasors are not *in pari delicto*, and the negligence of one is primary or active, and the negligence of the other is passive, resulting in injury to a third person, and the one guilty of passive negligence is required to answer in damages to the third person, he is entitled to indemnity from the wrongdoer guilty of primary negligence. For example, A sells defective equipment to B, and B, without knowledge of the defect,

injures C by the use of the equipment. B is liable in damages to C because he has injured him, but B is entitled to indemnity from A. The rule is stated in 27 Am. Jur. 467, Indemnity, § 18:

"But the operation of this rule against recourse is greatly circumscribed, with the result that one constructively liable for a tort is generally held entitled to indemnity from the actual wrongdoer, regardless of whether liability is imposed on the person seeking indemnity by statute or by rule of the common law, and irrespective of the existence of an express contract to indemnify. Accordingly, it has been stated that a person who, without fault on his own part, has been compelled to pay damages occasioned by the primary negligence of another is entitled to indemnity from the latter, whether contractual relations exist between them or not. In this connection it has been observed that where one does the act or creates the nuisance, and the other does not join therein, but is thereby exposed to liability and suffers damage, the rule denying contribution or indemnity between joint tortfeasors does not apply, the parties not being in pari delicto as to each other, though either may be held liable as to third persons."

See, also, *Alaska S. S. Co. v. Pacific Coast Gypsum Co.,* 78 Wash. 247, 138 Pac. 875.

Respondent contends that the question of appellant Scott's negligence is *res judicata,* that issue having been determined in the prior case. Appellants concede that, if Scott used the equipment when he knew it was dangerous, they would be precluded from the right of indemnity. They contend, however, that that issue was not determined in the *Rufener* case, and that it is still an open, undecided question of fact.

■ A right, a question, or a fact, put in issue and determined by a court of competent jurisdiction as a ground of recovery, cannot again be disputed in a subsequent suit between the same parties or their privies. *United States v. Gramer,* 191 F. (2d) 741, 27 A. L. R. (2d) 1132; *In re Macdonald's Estate,* 29 Wash. 422, 69 Pac. 1111. There is no question that the issue of appellant Scott's knowledge that the equipment was dangerous was submitted to the jury

in the prior case. Our problem is whether or not that issue was determined by the jury's verdict.

*Braley Motor Co. v. Northwest Cas. Co.*, 184 Wash. 47, 49 P. (2d) 911, was an action on an insurance policy to recover indemnity for a judgment, costs, and attorney's fees paid, after judgment, by Braley Motor Company to one Kantonen, the plaintiff in a prior action. The policy excluded injuries to employees, and the defendant contended that the verdict and judgment in the prior case were conclusive that Kantonen was an employee. In the prior case, the court instructed the jury that it could find for the plaintiff under one set of conditions if the plaintiff was an employee, and under two other sets of conditions if the plaintiff was not an employee. Those instructions became the law of the case. We held that the general verdict returned by the jury could have been based upon either of the three issues submitted to it by the court, and that the judgment was not *res judicata* as to Kantonen's status as an employee.

In *Sheehan v. Goriansky*, 321 Mass. 200, 72 N. E. (2d) 538, 173 A. L. R. 497, Sheehan had obtained a judgment against Goriansky for wrongful death in a prior action, which judgment was unsatisfied. He then brought a bill in equity against Goriansky and the Liberty Mutual Insurance Company to reach and apply the obligation of the insurance company on a policy issued by it. The question was whether or not the prior judgment was a liability imposed within the terms of the policy. In the prior action, the judge instructed the jury that if they found any one of three elements present, either wilful, wanton, or reckless operation of the automobile, they would be warranted in returning a verdict for the plaintiff. The general verdict did not designate upon which of the three elements the jury found liability. In holding that the prior judgment was not *res judicata,* the Massachusetts court said:

"The verdict and the judgment could have been based upon any one or more of three grounds of liability, and one of them was not covered by the policy. Since the precise ground of liability was not determined in the action at law,

the parties were entitled to litigate that ground in this suit in order to determine whether the death was within the coverage. [Citing cases.]"

■ The majority rule is stated in 30 Am. Jur. 997, Judgments, § 283:

"The general rule is that a person relying upon the doctrine of res judicata as to a particular issue involved in the pending case bears the burden of introducing evidence to prove that such issue was involved and actually determined in the prior action, where this does not appear from the record. Under this view, it must clearly appear from the record in the former cause, or by proof by competent evidence consistent therewith, that the matter as to which the rule of res judicata is invoked as a bar was, in fact, necessarily adjudicated in the former action. If the judgment in the prior case may have been based on any one of several issues involved therein, but is ambiguous and uncertain as to which of the several issues was the one determined in arriving at the decision, the party invoking the application of the doctrine of res judicata is generally required to show upon which issue the judgment was in fact based; and where this is not done, the judgment does not constitute a conclusive adjudication as to any of the issues involved."

See, also, 2 Freeman on Judgments 1632, 1633, (5th ed.) § 769.

■ The issue as to whether or not appellant Scott used the equipment when he knew or should have known it was dangerous was not determined by the verdict and judgment in the prior case. Therefore, the judgment was not *res judicata* of the particular issue.

The judgment is reversed, and the cause remanded with direction to deny the motion for judgment on the pleadings and to reinstate appellant's cross-complaint. Appellants shall recover their costs on appeal.

HILL, DONWORTH, and WEAVER, JJ., concur.