[No. 3891–2–III.   Division Three.   January 14, 1982.]

ALDRICH & HEDMAN, INC., *Respondent,* v. BETTY
J. BLAKELY, ET AL, *Respondents,* GENERAL
ADJUSTMENT BUREAU, INC., *Appellant.*

*Andrew Bohrnsen, Dennis Sweeney,* and *Leavy, Schultz
& Sweeney,* for appellant.

*James Egan* and *Sonderman & Egan,* for respondent
Aldrich & Hedman, Inc.

*Dan F. Hultgrenn* and *Sullivan, McKinlay & Hultgrenn,*

for respondent Blakely.

*Diehl R. Rettig, Allen D. Brecke,* and *Raekes, Rettig & Osborne,* for respondent Farmers Insurance.

GREEN, J.—Defendant, General Adjustment Bureau, Inc. (GAB), appeals the court's award of attorney's fees against it in favor of two other defendants. The sole question presented is whether this award was a proper exercise of the court's inherent equitable powers.

The trial court's unchallenged findings of fact show: Mrs. Blakely insured her home for fire loss with Farmers Insurance Group (Farmers). On September 27, 1976, a fire occurred. Mrs. Blakely notified Farmers, which in turn referred settlement of the loss on a full adjustment basis to GAB. In the course of adjusting the loss, GAB obtained three formal bids for the fire loss repair. Ted Erwin submitted the lowest bid—$16,994.73, taxes included, for complete repair and restoration of the damaged premises. GAB recommended to Mrs. Blakely and Farmers the Erwin bid be accepted. Neither Mrs. Blakely nor Farmers had any prior experience with Mr. Erwin. They relied solely upon GAB to select a competent, qualified and honest contractor.

GAB had a policy of selecting only those contractors who were experienced in similar repair work and whose past work had been investigated as to quality by GAB personnel. Unfortunately, GAB did not follow company policy in the case of Mr. Erwin. If it had, it would have discovered Mr. Erwin did not have any significant history in repairing residential structures, and that his actual repair experience was limited almost exclusively to repair of mobile homes. Further, GAB did not determine whether Mr. Erwin was a bonded, licensed, registered contractor even though such information could easily have been obtained from the Department of Licensing.

On December 15, at the direction of GAB, Farmers

issued a check for $16,994.73 payable to Mrs. Blakely, Ted Erwin d/b/a AAA Mobile Homes Services, and Old National Bank. The check was payable to these payees because GAB had advised Farmers that Mr. Erwin was securing financing from the bank in order to purchase the materials necessary to commence the repairs. Mrs. Blakely endorsed the check to Mr. Erwin after he told her he needed cash to secure a "good deal" on some materials in Portland.

While Mr. Erwin was repairing the premises, the job was "red tagged" by the building inspector because: (1) Mr. Erwin had not obtained a permit; (2) the premises were being repaired in violation of the building code; and (3) Mr. Erwin was an unregistered contractor without bond or license. The red tag prevented further work on the premises. Based on these violations, criminal proceedings were commenced against Mr. Erwin by the prosecuting attorney and resulted in the court ordering Mr. Erwin to obtain and pay for the services of another contractor to complete the repair of Mrs. Blakely's residence.

Mrs. Blakely notified Farmers of the problems with Mr. Erwin and Farmers in turn contacted GAB, threatening to commence suit against it unless GAB remedied the situation. GAB considered itself responsible for what had happened because they recommended Mr. Erwin and, therefore, requested one of the unsuccessful original bidders to again inspect the premises and prepare a bid for completion of the repairs. That bid totaled $18,300.

Meanwhile, Mr. Erwin contacted a representative of Aldrich & Hedman, Inc. (A&H), requesting A&H undertake the repairs, and promising to pay A&H for those repairs. A&H did not contract or obtain any promise of payment for the work from Mrs. Blakely, Farmers, or GAB. After Mrs. Blakely had been advised by A&H that it had arranged for payment by Mr. Erwin, she permitted A&H to repair the premises.

Upon completion of the repairs, A&H submitted its bill to Mr. Erwin for $41,770.62. When A&H realized Mr.

Erwin was unable to pay it, A&H contacted GAB. GAB advised A&H the file had been closed for some time and it would not pay, or recommend payment of, any supplementals under the policy. Thereupon, A&H filed a lien against Mrs. Blakely's premises for the amount claimed to be due and also advised her in May 1978 it wanted payment from her.

On January 17, 1979, A&H filed suit against Mrs. Blakely, Mr. Erwin, GAB and Farmers. The court entered judgment against Mr. Erwin for $37,966.31 and against Mrs. Blakely for $3,148.64 for work not included in the Erwin bid and done to meet code requirements or at the request of Mrs. Blakely. Mrs. Blakely obtained a judgment for indemnity against Farmers for part of the A&H judgment in the amount of $1,019.65 for supplementals under its policy. Attorney's fees were awarded to Mrs. Blakely and Farmers against GAB. GAB appeals.

GAB contends the award of attorney's fees is unsupported by statute, contract or recognized ground of equity. It also argues equity will only support an award of attorney's fees when the litigant successfully invokes the common fund doctrine. We disagree.

GAB correctly states that attorney's fees are generally not recoverable in the absence of contract, statute, or a recognized ground of equity. *Seattle School Dist. 1 v. State,* 90 Wn.2d 476, 585 P.2d 71 (1978); *Crane Towing, Inc. v. Gorton,* 89 Wn.2d 161, 570 P.2d 428, 97 A.L.R.3d 482 (1977). Where the natural and proximate consequence of the acts or omissions of a party to an agreement or an event have exposed one to litigation with a third person, equity may allow attorney's fees as an element of consequential damages. *Armstrong Constr. Co. v. Thomson,* 64 Wn.2d 191, 195, 390 P.2d 976 (1964); *see also Wells v. Aetna Ins. Co.,* 60 Wn.2d 880, 376 P.2d 644 (1962); *Wilber v. Western Properties,* 22 Wn. App. 458, 589 P.2d 1273, *review denied,* 92 Wn.2d 1017 (1979); *Manning v. Loidhamer,* 13 Wn. App. 766, 538 P.2d 136, *review denied,* 86 Wn.2d 1001 (1975); *Koch v. Seattle,* 9 Wn. App. 580, 513

P.2d 573 (1973); Talmadge, *The Award of Attorneys' Fees in Civil Litigation in Washington,* 16 Gonz. L. Rev. 57, 68 (1980). Three elements are necessary to create this equitable right to recover attorney's fees: (1) a wrongful act or omission by A towards B; (2) such act or omission exposes or involves B in litigation with C; and (3) C was not connected with the original wrongful act or omission of A towards B. *Manning v. Loidhamer, supra* at 772; *Wilber v. Western Properties, supra* at 466; *Stolz v. McKowen,* 14 Wn. App. 808, 813, 545 P.2d 584 (1976); *see also Sigman v. Stevens–Norton, Inc.,* 70 Wn.2d 915, 923, 425 P.2d 891 (1967).

Applying this rule to these facts, the first element is established by GAB wrongfully omitting to investigate Mr. Erwin's credentials before recommending him for the job. Such omission by GAB involved both Mrs. Blakely and Farmers in litigation with A&H, satisfying the second element. As to the third element, A&H was not connected with GAB's failure to investigate Mr. Erwin's credentials.

GAB's argument that, since it prevailed against A&H, it should not be held liable for attorney's fees to Mrs. Blakely and Farmers must fail. It is clear from the court's findings of fact that GAB's recommendation of Mr. Erwin, without checking his credentials, precipitated this litigation. The real issue in the trial was the liability of Mrs. Blakely, Farmers and GAB to A&H, not the amount of the supplementals or extras for which Mrs. Blakely and Farmers were found liable. They were de minimis. Moreover, this litigation came about only because of GAB's negligence—not through the fault of Mrs. Blakely or Farmers.

Mrs. Blakely and Farmers are awarded reasonable attorneys' fees on appeal, the amount to be determined on remand to the trial court.

Affirmed and remanded.

ROE, A.C.J., and MUNSON, J., concur.

Reconsideration denied February 1, 1982.

Review denied by Supreme Court March 26, 1982.