[No. 10107–2–I.   Division One.   April 2, 1984.]

Steve Wagner, *Plaintiff,* v. Beech Aircraft Corporation, *Defendant,* Flightcraft, Inc., *Appellant,* Gross Aviation, Inc., *Respondent.*

Dorothy Walthers, *Individually and as Administratrix, Respondent,* v. Flightcraft, Inc., et al, *Appellants.*

John P. Kalbrener, *Plaintiff,* v. Gross Aviation, Inc., et al, *Respondents,* The Marvel–Schebler Corporation, et al, *Appellants.*

*Oles, Morrison, Rinker, Stanislaw & Ashbaugh, Michele M. Sales, Theodore L. Preg, Seth W. Morrison III, Karr, Tuttle, Koch, Campbell, Mawer & Morrow, P.S., Philip Talmadge, F. Lee Campbell,* and *David D. Swartling,* for appellants.

*Waitt, Johnson & Martens, Richard L. Martens, Robert K. Waitt,* and *Charles E. Peery,* for respondents.

JOHNSEN, J.*—In these consolidated cases, Marvel–Schebler/Tillotson and Flightcraft, Inc., appeal a judgment entered in favor of Gross Aviation, Inc., Mr. and Mrs. Charles Gross, and the Estate of David Walthers[1] on indemnity claims arising from the crash of a single engine aircraft. This case is a sequel to *Wagner v. Flightcraft, Inc.,* 31 Wn. App. 558, 643 P.2d 906 (1982). The details of the crash, the consequent claims of the parties, and the disposition of those claims by the court and jury are included in that opinion.

It is sufficient to say here that the trial of the main action resulted in dismissal of Gross Aviation and substantial verdicts against Flightcraft and Marvel–Schebler. Pursuant to agreement of the parties, the trial judge then

---

*Judge Oluf Johnsen is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

[1]For simplicity, Gross Aviation will refer to all indemnitees unless otherwise indicated.

considered the claims of indemnity and made the following findings of fact and conclusions of law:

### FINDINGS OF FACT

. . .

#### 3.

Based upon the jury's verdict, the Court finds that Marvel–Schebler/Tillotson was not negligent, but that the carburetor was not reasonably safe, which condition was a proximate cause of the damages sustained by the plaintiffs.

#### 4.

Based upon the jury's verdict, the Court finds that Flightcraft, Inc. was negligent and that it furnished a carburetor that was not reasonably safe, and that this conduct was a proximate cause of damages to the plaintiffs.

#### 5.

The wrongful conduct of Marvel–Schebler/Tillotson and Flightcraft, Inc., as described in Paragraphs [3] and [4] above, resulted in the involvement of Gross Aviation, Inc., Mr. and Mrs. Charles Gross, and the Estate of David R. Walthers, in this litigation as defendants. Plaintiffs Kalbrener, Wagner, and Walthers were not connected with the supplying of the subject carburetor.

#### 6.

Defendants Gross, et al. tendered the defense of the action to both Flightcraft, Inc. and Marvel–Schebler/Tillotson. The tenders of defense were rejected by these two defendants.

#### 7.

During the course of the trial of the main action, the Court ruled that there was insufficient evidence to submit to the jury the question of the conduct of David R. Walthers as it related to this accident. David Walthers was an agent of Gross Aviation for purposes of this lawsuit. The Court finds in this proceeding, based upon the evidence admitted in the principal action and the offers of proof of the defendants, which were not admitted in the principal action, that there was no evidence of active misconduct or negligence on the part of David Walthers.

#### 8.

The Court finds that a representative of the defendants Gross, et al. obtained the carburetor in question as well as the spark plugs for the subject aircraft from the

NTSB after the accident and delivered these components to Green Valley Aviation, the salvage yard, without instructions for their disposition. Thereafter, the spark plugs and the carburetor were unavailable or could not be located, except for the top half of the housing of the carburetor.

9.

Representatives of Marvel–Schebler/Tillotson and Flightcraft, Inc. were not present at any time during the NTSB investigation. Their investigation of the facts and circumstances of the accident began after the litigation was commenced, and when they attempted to locate parts of the airplane the spark plugs were lost and the carburetor was missing, except for the top half of the housing.

10.

The Court finds that the unavailability of the total carburetor and the spark plugs did hamper the defense of Flightcraft, Inc. and Marvel–Schebler/Tillotson. However, these defendants did have many detailed photographs of the carburetor and other components for use prior to and at trial, which were utilized for the presentation of their evidence and testimony. There was no conduct on the part of Gross Aviation or its agents which should defeat a claim for indemnity.

. . .

CONCLUSIONS OF LAW

. . .

2.

Defendants Gross, et al. are entitled to judgment against Flightcraft, Inc. and Marvel–Schebler/Tillotson for attorneys fees and costs in the amount of $91,158.43. The insurers for Gross, et al., Aviation Office of America/Aviation Adjustment Bureau, Inc. advanced and paid all attorneys fees and costs herein, and based upon the concurrence of defendants Gross, et al., as indicated by their attorney, judgment will be entered in favor of their insurer, Aviation Office of America/Aviation Adjustment Bureau, Inc.

Judgment was entered in favor of Gross Aviation and against Marvel–Schebler and Flightcraft in the amount of $91,158.43. However, Flightcraft was awarded a setoff for certain judgments previously entered against Gross Avia-

tion, Inc. Marvel–Schebler and Flightcraft appeal from this judgment.

Both Marvel–Schebler and Flightcraft have assigned error to pertinent portions of the trial court's findings of fact and conclusions of law. Basically these assignments of error all relate to the propriety of the judgment ordering indemnity of Gross Aviation by the appellants, Marvel–Schebler and Flightcraft.

We hold that the trial court's findings of fact and conclusions of law were supported by substantial evidence and we affirm the judgment.

Initially we observe that the main action was heard before the effective date of RCW 4.22.040, which provides for a right of contribution among persons jointly and severally liable for the same harm. The statute does not apply. *Glass v. Stahl Specialty Co.,* 97 Wn.2d 880, 652 P.2d 948 (1982).

Appellants argue that Gross Aviation was actively negligent and that its negligence contributed to the accident, which bars any indemnification since there is no right to indemnification among joint tortfeasors. This is the common law rule. *Rufener v. Scott,* 46 Wn.2d 240, 242–43, 280 P.2d 253 (1955). Appellants base their argument upon certain language of this court in *Wagner v. Flightcraft, Inc., supra,* wherein this court concluded that there was substantial evidence of pilot error. Appellants contend the trial court in the indemnity proceeding erred when it found "that there was no evidence of active misconduct or negligence on the part of David Walthers." Appellants misconstrue the import of the conclusion of this court as to pilot error. First, in making its findings of fact the trial court had the benefit of all the evidence in the main action, including that contained in the offers of proof when it concluded that there was no evidence of pilot error. It was not within the province of this court to weigh the evidence and it made no attempt to do so. Second, the jury found both appellants strictly liable, but only Flightcraft was found negligent.

Flightcraft contends that the trial court erred in

finding it negligent and strictly liable. However, "[a] right, a question, or a fact, put in issue and determined by a court of competent jurisdiction as a ground of recovery, cannot again be disputed in a subsequent suit between the same parties or their privies." *Rufener v. Scott, supra* at 243; *Wilber v. Western Properties,* 22 Wn. App. 458, 465, 589 P.2d 1273 (1979).

In this case a jury found Flightcraft negligent and strictly liable for its overhaul of the airplane carburetor. On appeal, this court in *Wagner* ruled that the jury could have found Flightcraft strictly liable. *Wagner v. Flightcraft, Inc., supra* at 566. The matter of Flightcraft's strict liability has been decided and cannot now be relitigated. *Rufener v. Scott, supra.* By so holding, it becomes unnecessary to determine whether Gross Aviation was also negligent.

Even if we were to agree that Gross Aviation was negligent and that its negligence was primary or active, that alone would not defeat its claim for indemnity. Both appellants were found strictly liable for manufacturing or supplying a defective carburetor. Any negligence of Gross Aviation unrelated to its unreasonable use of the defective carburetor would not be a bar to indemnity. In *Northwest Mut. Ins. Co. v. Stromme,* 4 Wn. App. 85, 88–89, 479 P.2d 554 (1971), the court held that the doctrine of strict liability would not change the existing law pertaining to indemnity among joint tortfeasors. That case, however, was decided before the Supreme Court ruled that comparative negligence was not a defense in an action based upon strict liability. *See Seay v. Chrysler Corp.,* 93 Wn.2d 319, 322–23, 609 P.2d 1382, 9 A.L.R.4th 625 (1980).

To be consistent we now decide that indemnification is appropriate in strict liability actions even where an indemnitee might be considered actively negligent. As stated in 3A L. Frumer & M. Friedman, *Products Liability* § 44.02[2], at 15–13 (1983):

[T]he active–passive negligence distinction as a test for allowing indemnity would preclude relief in some situations where the disparity of wrongdoing between joint

tortfeasors clearly argues for indemnity being allowed. For it may be argued that, if as between joint tortfeasors, one breached a duty to the other as well as to the third party, then the tortfeasor who did not breach a duty to the other but only to the third party should be entitled to indemnity. Such a test depends not so much on an active–passive analysis, but on the evaluation of the respective parties' fault, and as such achieves the objective of distribution of liability based on fault more effectively than the more sterile test of active or passive negligence.

(Footnotes omitted.)

The same standards which govern the ultimate liability of the manufacturer who markets a defective product under the doctrine of strict liability should apply in determining whether indemnity will be permitted. The doctrine of strict liability is premised upon the sound public policy consideration that the manufacturer who places a product in the stream of commerce for use by the general public is best able to bear the risk of loss resulting from the defective product. *Spellmeyer v. Weyerhaeuser Corp.*, 14 Wn. App. 642, 646, 544 P.2d 107 (1975). The manufacturer has a nondelegable duty to produce a reasonably safe product. *Olch v. Pacific Press & Shear Co.*, 19 Wn. App. 89, 96, 573 P.2d 1355 (1978). Our appellate courts have refused to apply negligence concepts to strict liability actions in torts because strict liability focuses on the nature of the product while negligence focuses on the conduct of the individual. *Seay v. Chrysler Corp., supra. See also Klein v. R.D. Werner Co.*, 98 Wn.2d 316, 319, 654 P.2d 94 (1982). A fundamental distinction therefore exists between cases sounding in strict liability and those sounding in negligence. The same reasoning should extend to third party actions for indemnity. As explained by the Illinois Supreme Court in *Liberty Mut. Ins. Co. v. Williams Mach. & Tool Co.*, 62 Ill. 2d 77, 82, 338 N.E.2d 857, 860 (1975):

> The major purpose of strict liability is to place the loss caused by defective products on those who create the risk and reap the profit by placing a defective product in the

stream of commerce, regardless of whether the defect resulted from the "negligence" of the manufacturer. We believe that this purpose is best accomplished by eliminating negligence as an element of any strict liability action, including indemnity actions in which the parties are all manufacturers or sellers of the product. As one authority has observed: "In many jurisdictions, the right of contribution between joint tortfeasors is denied if they are at equal fault, but not denied if the tortfeasor seeking contribution was only passively negligent. The difficulty of applying this test to strict liability cases is that negligence is irrelevant for determining liability. It is a liability based upon the placing into commerce of a product which, if defective, is likely to be unreasonably dangerous under normal use. There is, therefore, no reason why the responsibility should not trace back to the originally responsible party. Since privity is not relevant in strict liability cases, the injured party could have sued the manufacturer, just as well as the party down the distributive chain who sold the product to the injured user. The manufacturer should not be able to escape liability because of this fortuitous selection of defendants by the injured party, and the immediate seller, if sued by the buyer, should be able to get indemnity from the manufacturer." 2 L. Frumer and M. Friedman, Products Liability, sec. 16A(4)(b)(i).

*Accord, Kelly v. General Motors Corp.,* 487 F. Supp. 1041, 1044–48 (D. Mont. 1980). *See also Olch v. Pacific Press & Shear Co., supra.*

Consequently, in the interest of logical consistency the active–passive negligence distinction as a test for allowing indemnity should not apply to actions based on strict liability, and Gross Aviation is entitled to indemnity, unless otherwise barred or disqualified, from Flightcraft and Marvel–Schebler.

That is not to suggest that an indemnitee's misconduct will never bar indemnification. Just as a tortfeasor who voluntarily and unreasonably proceeds to encounter a known risk cannot recover under the doctrine of strict liability, *see Klein v. R.D. Werner Co., supra,* so too is the right of indemnity unavailable to one whose conduct in

connection with the defective product is such that he can be said to have assumed the risk of its use. *Liberty Mut. Ins. Co. v. Williams Mach. & Tool Co., supra.* In *Wagner* this court found no evidence that anyone discovered the defective carburetor or appreciated its danger and nonetheless proceeded to use it.

Flightcraft contends that the trial court erred in basing its finding that Gross Aviation was not negligent upon the jury's inconsistent answers to interrogatories submitted to it in lieu of a general verdict. In answer to one question the jury said that the carburetor was "not reasonably safe" and in answer to another that the airplane furnished by Gross Aviation was not unfit for its intended use because of the condition of either the carburetor or spark plugs. We agree with the trial court that the jury could find that the carburetor was reasonably fit for its intended use insofar as Gross was concerned but also find that Flightcraft had supplied a carburetor "not reasonably safe". In any event this issue could have been raised on the prior appeal but was not.

Appellants contend that Gross Aviation is estopped from claiming indemnity by certain conduct of its employees and agents. After the accident an agent of Gross Aviation's insurer recovered the carburetor which it later delivered to a salvage company. Neither of the appellants were advised until months later at which time some parts were missing. The court found that appellants were hampered in their defense but that there were sufficient photographs to permit an adequate explanation to the jury. We agree with the trial court that there was no willful concealment or disposal of evidence such as would defeat a claim for indemnity.

Appellants further assign error to the conclusion of law that Gross Aviation is entitled to be indemnified for its costs and attorney's fees in the main action and judgment thereon. The trial court properly awarded attorney's fees and other defense costs in this case.

In *Aldrich & Hedman, Inc. v. Blakely,* 31 Wn. App. 16, 639 P.2d 235 (1982), the Court of Appeals reviewed the law in this state with respect to the right of a litigant to

recover attorney's fees and other defense costs. The court summarized the law as follows:

[A]ttorney's fees are generally not recoverable in the absence of contract, statute, or a recognized ground of equity. Where the natural and proximate consequence of the acts or omissions of a party to an agreement or an event have exposed one to litigation with a third person, equity may allow attorney's fees as an element of consequential damages. Three elements are necessary to create this equitable right to recover attorney's fees: (1) a wrongful act or omission by A towards B; (2) such act or omission exposes or involves B in litigation with C; and (3) C was not connected with the original wrongful act or omission of A towards B.

(Citations omitted.) *Aldrich & Hedman, Inc. v. Blakely, supra* at 19–20; *accord, Manning v. Loidhamer,* 13 Wn. App. 766, 769, 538 P.2d 136 (1975).

The trial court entered findings of fact that the wrongful conduct of appellants involved Gross Aviation, Inc., Mr. and Mrs. Charles Gross and the estate of David R. Walthers in litigation, that they tendered the defense of that action to appellants, which tender was refused, and that they incurred a certain reasonable amount of attorney's fees and costs. There was substantial evidence to support the findings and they will not be disturbed on appeal.

Finally, error is assigned to the court's conclusion of law that judgment should be entered in favor of Gross Aviation's insurers, Aviation Office of America/Aviation Adjustment Bureau, Inc., citing *Department of Ecology v. Pacesetter Constr. Co.,* 89 Wn.2d 203, 571 P.2d 196 (1977). We do not believe that case is apposite here. The insurers for Gross Aviation had advanced all attorney's fees and costs and judgment in their favor was entered "based upon the concurrence of defendants Gross, et al." Appellants were not prejudiced by the form of the judgment.

Gross Aviation did not cross–appeal from the judgment in its favor but now assigns error to certain of the trial

court's findings of fact and conclusions of law, particularly those in which appellant Flightcraft was allowed a setoff for two judgments previously recovered against Gross Aviation by Flightcraft. By failing to cross–appeal Gross Aviation is precluded from seeking review of this decision.

RAP 2.4(a) provides, in pertinent part:

> The appellate court will grant a respondent affirmative relief by modifying the decision which is the subject matter of the review only (1) if the respondent also seeks review of the decision by the timely filing of a notice of appeal . . . or (2) if demanded by the necessities of the case.

A notice of appeal is essential where, as here, Gross Aviation seeks affirmative relief from the judgment allowing Flightcraft a setoff. *Simpson Timber Co. v. Aetna Cas. & Sur. Co.*, 19 Wn. App. 535, 542, 576 P.2d 437 (1978); Annot., 1 L. Ed. 2d 1820 (1957).

■ It remains to determine whether Gross Aviation is entitled to recover its attorney's fees and costs on this appeal pursuant to RAP 18.1.

> We have not heretofore had occasion to consider whether attorneys' fees attributable solely to litigation of the indemnity issue itself are recoverable. The general, and virtually unanimous rule appears to limit the allowance of such fees to the defense of the claim indemnified against and not to extend such allowance for services rendered in establishing the right to indemnification. 41 Am. Jur. 2d *Indemnity* § 36 (Supp. 1974); 42 C.J.S. *Indemnity* § 13d (1944). We hold, therefore, that, in the absence of express contractual terms to the contrary, an indemnitee may not recover legal fees incurred in establishing his right to indemnification.

*Jones v. Strom Constr. Co.*, 84 Wn.2d 518, 523, 527 P.2d 1115 (1974).

Nor do we think Gross Aviation is entitled to sanctions under RAP 18.9 if we apply the criteria adopted by this court in *Streater v. White,* 26 Wn. App. 430, 434–35, 613 P.2d 187 (1980).

The judgment is affirmed.

RINGOLD and SCHOLFIELD, JJ., concur.